IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:22-00244-01-BP |
| ) | |
| DERONE D. GIPSON, ) | |
| ) | |
| Defendant. ) | |

## ORDER CONCERNING CONTINUANCES

In reviewing the docket before the upcoming trial, the Court was struck by the number of times defense counsel Beau Brindley has moved to continue this case—seven times, including two emergency motions, one for a family member's medical emergency and one for his own medical emergency. A search of other cases in which Mr. Brindley has appeared indicate this is not an isolated event. He has a history of requesting a large number of continuances, including requesting continuances for emergent reasons on the eve of trial. *See United States v. Ferguson*, No. 18-CR-734-1, 2025 WL 1651230, at *1–4 (N.D. Ill. June 11, 2025) (documenting repeated motions for a continuance); *United States v. Powell*, No. 18-30042-NJR-1, 2022 WL 1204767, at *1-2 (S.D. Ill. Apr. 22, 2022) (same); *United States v. Hofschulz*, No. 18-CR-145-PP, 2021 WL 5851603, at *2-5 (E.D. Wis. Dec. 9, 2021) (requesting continuance in part because his wife's emotional support animal had passed).

The Court makes two observations. First, the Court agrees with the magistrate judge's instruction that "[a]bsent extraordinary and unanticipated circumstances, no further continuances will be granted." ECF No. 162 at 4. The parties should plan accordingly.

Second, while the Court is confident defense counsel will be ready and available for trial, to

ensure that this case is tried in the event one or more defense attorneys is unable to appear for any reason, or is unable to continue once the trial has begun, the Court ORDERS that all three defense attorneys who have entered an appearance in this case, that is (1) Mr. Brindley, (2) Mr. Michael Thompson (Mr. Brindley's primary trial partner), and (3) Richard Johnson, the local attorney who moved to admit these gentlemen *pro hac vice*,[1] shall all be present for each day of trial in this case and independently prepared to serve as lead trial counsel. In the event one of them is called upon to serve as lead trial counsel and is not prepared, the Court may sanction him under any applicable authority, including the Court's inherent authority and contempt powers.

**IT IS SO ORDERED.**

Date:   September 3, 2025                           /s/ Greg Kays
                                                                        GREG KAYS, JUDGE
                                                                        UNITED STATES DISTRICT COURT

---

[1] The Court notes that in signing the petitions to admit Mr. Brindley and Mr. Thompson *pro hac vice*, Mr. Johnson made an affidavit stating, in relevant part, "I am aware that the local rules of this court require that I participate in the preparation and presentation of said case(s)." ECF Nos. 99, 109. Further, while the Court "may" excuse a sponsoring attorney from daily attendance, it is not required to do so, and even then, the sponsoring attorney still retains all of the responsibilities of an attorney of record. L.R. 83.5(g).