IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:22-CR-00244-BP |
| | ) | |
| DERONE D.GIPSON, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER ON GOVERNMENT'S PROPOSED RULE 404(B) EVIDENCE

This case involves multiple alleged narcotics and firearm offenses. Defendant Derone Gipson is charged with possession with intent to distribute methamphetamine within 1,000 feet of a playground, distribution of methamphetamine within 1,000 feet of a playground, conspiracy to distribute a controlled substance, maintaining a drug-involved premises within 1,000 feet of a playground, being a felon in possession of a firearm, and possession of a firearm in furtherance of a drug trafficking offense. ECF No. 26. At 2–5. The case is scheduled for a three-day trial starting on September 16, 2025.

Now before the Court is the Government's Notice of Intent to Offer Rule 404(b) evidence against Defendant. ECF No. 72. Defendant has filed an objection. ECF No. 112. For the reasons discussed below, the Court OVERRULES Defendant's objection.

## Standard

Federal Rule of Evidence 404(b)(1) prohibits the use of "evidence of any other crime, wrong, or act . . . to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." But Rule 404(b)(2) provides that evidence of any other crime, wrong, or act "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of

accident."

The Eighth Circuit has made clear that "Rule 404(b) is a rule of inclusion" and that admission of Rule 404(b) evidence will not be reversed on appeal unless "the evidence clearly had no bearing on the case and was introduced solely to show defendant's propensity to engage in criminal conduct." *United States v. Hayward*, 124 F.4th 1113, 1119 (8th Cir. 2025) (internal citation and quotation marks omitted).

For drug charges in particular, "[w]hen a defendant is charged with drug trafficking . . ., evidence of prior drug . . . convictions generally is admissible for non-propensity purposes under Rule 404(b)[,]" though "the government must [still] be prepared to show a permissible purpose for admission of the prior conviction." *United States v. Goodman*, 88 F.4th 764, 768 (8th Cir. 2023) (citing *United States v. Turner*, 781 F.3d 374, 390 (8th Cir. 2015)).

The Eighth Circuit uses a four-part test to determine whether to admit evidence under Rule 404(b). A prior bad act may be admitted if "(1) it is relevant to a material issue; (2) it is similar in kind and not overly remote in time to the crime charged; (3) it is supported by sufficient evidence; and (4) its potential prejudice does not substantially outweigh its probative value." *United States v. Nyah*, 35 F.4th 1100, 1108 (8th Cir. 2022) (internal quotation marks omitted).

## Discussion

The Government seeks to admit evidence of Defendant's federal conviction in the Western District of Missouri for possession with intent to distribute cocaine base. Defendant was sentenced to 240 months on August 11, 2005, and he was released to supervision on April 2, 2019. ECF No. 72 at 2.

For the following reasons, the Court finds that the Government's Rule 404(b) evidence is admissible.

**I. Defendant's prior conviction is relevant to a material issue in the present case.**

When a criminal defendant pleads not guilty, the defendant "put[s] the government to its proof on all elements of the charged crime." *United States v. Wright*, 866 F.3d 899, 905 (8th Cir. 2017). A not-guilty plea to a drug charge puts the material issues of the defendant's intent and knowledge in controversy such that evidence of prior drug transactions is relevant to, and may be admissible as to, those issues. *United States v. Cooper*, 990 F.3d 576, 584 (8th Cir. 2021) (*citing United States v. Hill*, 638 F.3d 589, 592 (8th Cir. 2011). In other words, when a defendant makes a general denial to a drug charge, he places the elements of knowledge and intent at issue, thereby making prior drug convictions, where knowledge and intent have been proved, relevant to those elements. *See United States v. Monds*, 945 F.3d 1049, 1052 (8th Cir. 2019) ("[Defendant placed [the] elements [of knowledge and intent] at issue, by means of a general denial.") (citation omitted). "It is settled in this circuit that a prior conviction for distributing drugs . . . [is] relevant under Rule 404(b) to show knowledge and intent to commit a current charge of conspiracy to distribute drugs." *United States v. Craig*, 94 F.4th 752, 759 (8th Cir. 2024) (citing *United States v. Davis*, 867 F.3d 1021,1029 (8th Cir. 2017)).

Here, the Government seeks to admit evidence of Defendant's prior conviction for possession with the intent to distribute cocaine base as proof of his knowledge, motive, intent, common scheme, and absence of mistake or accident as to the present drug charges, ECF No. 72 at 3, though the Government ultimately reduces its argument to knowledge and intent. *Id.* at 5. Under the Eighth Circuit's well-established reading of Rule 404(b), Defendant's general denial, ECF No. 72 at 5, has put the Government to its proof as to his knowledge and intent in the present charges. This satisfies the relevance prong of the Eighth Circuit's 404(b) test.

3

Defendant argues that the Government has failed on this prong by not presenting a "propensity-free chain of reasoning," relying on *United States v. Cotton*, 823 F.3d 430, 434 (8th Cir. 2016), and *United States v. Turner*. ECF No. 112 at 3. *Cotton* instructs that "merely reciting [the] permissible purposes [for which evidence of prior convictions may be admitted under Rule 404(b)] without more is insufficient . . . . The government . . . must identify the permissible non-propensity purpose for the evidence, and must articulate the relationship between the prior conviction and a material issue in the case." 823 F.3d at 434. But that is what the Government has done here. It seeks to offer Defendant's prior conviction for possession with intent to distribute to demonstrate knowledge and intent in this case, and, as noted above, the Eighth Circuit regards such convictions as relevant to the material issues in subsequent drug prosecutions. *See, e.g.*, *United States v. Craig*, 94 F.4th 752, 759 (8th Cir. 2024).

Defendant's use of *Turner* is also unavailing. Like the defendant in *United States v. Monds*, who tried to use *Turner* to challenge the government's 404(b) evidence on the grounds that "the government failed to provide a specific non-propensity purpose for offering evidence of the prior convictions," 945 F.3d at 1052, Defendant here argues the Government "has done nothing more than simply quote the rule." ECF No. 112 at 4–5. But the Government has done more than simply quote the rule; it has identified knowledge and intent as the material issues in play and has shown how a prior conviction for intent to distribute a controlled substance is relevant "to prove a defendant's knowledge of drugs and intent to commit drug offenses." ECF No. 72 at 4 (citing *United States v. Ruiz-Estrada*, 312 F.3d 398, 403 (8th Cir. 2002)). In any case, the Eighth Circuit has explained that "*Turner* [is] inapposite where the defendant place[s] his knowledge or intent at issue during trial," *United States v. Harry*, 930 F.3d 1000, 1006 (8th Cir. 2019) (cleaned up), which Defendant has done here.

4

The Government has therefore satisfied the material relevance prong.

**II. Defendant's prior conviction is similar in kind and not overly remote in time to the crime charged in the present case.**

"Other bad acts need not be duplicates of the charged crime for them to be admissible under Rule 404(b). Rather, they only need be sufficiently similar to support whatever permissible inference makes the evidence relevant." *Hayward*, 124 F.4th at 1119–20. While different drugs and circumstances may make the finding of similarity "a closer call," *id.* at 1119, these variations do not, in themselves, require a court to find insufficient similarity. *Id.* at 1119–20.

Defendant was convicted of possession with the intent to distribute cocaine base. The Superseding Indictment in the present case charges Defendant with various drug offenses, including possession with intent to distribute, conspiracy to distribute, and distribution. ECF No. 26 at 2–5. Although there are different drugs involved between the prior offense and current charges, the prior possession-with-intent-to-distribute conviction is sufficiently similar to the present charges to satisfy this prong, especially because the similarity is probative of Defendant's knowledge and intent. *See, e.g.*, *United States v. Frazier* 280 F.3d 835, 847 (8th Cir. 2002) ("[A] prior conviction for distributing drugs, and even the possession of user-quantities of a controlled substance, are relevant under Rule 404(b) to show knowledge and intent to commit a current charge of conspiracy to distribute drugs.").

Granted, not "all previous drug convictions are similar in kind to drug charges involved in a subsequent prosecution of the same defendant." ECF No. 112 at 2–3 (citing *United States v. Rogers*, 91 F.3d 53, 56 (8th Cir. 1996). But the example of dissimilarity Defendant offers—the difference in scale between a single sale of cocaine and an on-going, large-scale drug operation, *United States v. Mejia-Uribe*, 75 F.3d 395, 398 (8th Cir. 1996)—is not relevant to the present case. Defendant's prior conviction is of a piece with the present charges of possession with intent to

5

distribute, distribution, and conspiracy to distribute. The Government has therefore satisfied the similarity requirement of the second prong.

When considering remoteness, courts "apply[] a reasonableness standard that evaluates the facts and circumstances of each case. [T]here is no specific number of years beyond which prior bad acts are no longer relevant to the issue of intent." *United States v. Williams*, 796 F.3d 951, 959 (8th Cir. 2015) (citations and internal quotation marks omitted). And when the many years separating a prior conviction from a present charge include significant time in prison, the duration, by itself, does not dissipate the probative value of the prior conviction. *See id.*

The underlying conduct for Defendant's prior conviction predates the current charges by over eighteen years. Defendant was in custody for fifteen of those years and had only been out of custody for three years before he incurred the charges in this case. Moreover, the Eighth Circuit has allowed the admission of eighteen- and twenty-year-old convictions under 404(b). *See United States v. Walker*, 470 F.3d 1271, 1275 (8th Cir. 2006). Therefore, the Government has satisfied the time requirement of the second prong.

**III. Defendant's prior conviction is supported by sufficient evidence.**

Copies of a judgment of conviction and officer testimony are sufficient evidence of a prior conviction. *United States v. Franklin*, 250 F.3d 653, 659 (8th Cir. 2001). The Government intends to offer a certified copy of Defendant's prior conviction and testimony from the case agent as evidence of Defendant's prior conviction. ECF No. 72 at 7. Defendant raises no objection on this prong. The Government has therefore satisfied the sufficient evidence prong.

**IV. The potential prejudice that could arise from Defendant's prior conviction does not substantially outweigh its probative value.**

Unfair prejudice arises in the 404(b) context when evidence gives rise to a propensity inference. *See Wright*, 866 F.3d at 905 (noting that a propensity inference is an "improper, prejudicial conclusion").

Here, the potential prejudice from Defendant's prior conviction does not substantially outweigh its probative value. As noted above, this conviction is probative of the material issues of Defendant's knowledge and intent on account of the similarity of the offenses. And while "all Rule 404(b) evidence is inherently prejudicial," this evidence is not "unfairly prejudicial" because the Court will give a limiting instruction on its proper use. *See Nyah*, 35 F.4th at 1109. Nor does the Court find that any other Rule 403 consideration substantially outweighs the probative value of this evidence.

The Government has therefore satisfied the prejudice prong.

The Government's Rule 404(b) evidence satisfies the Eighth Circuit's four-part test and is therefore admissible.

## Conclusion

For the foregoing reasons, the Court OVERRULES Defendant Gipson's objections to the Government's proposed Rule 404(b) evidence.

**IT IS SO ORDERED.**

Date:  September 8, 2025    /s/ Greg Kays
GREG KAYS, JUDGE
UNITED STATES DISTRICT COURT